Chancellor Waties.
It would be a great reproach to the administration of justice if there was no relief for such a case* But I am satisfied that this court is not only competent to give *103 relief, but is authorised to do it on parol evidence of the mistake. The general authority of a court of equity in cases of mistake has never been doubted. In Langley, vs. Brown, 2 Atk. 203, lord Hardwicke says, “mistakes and misapprehensions in the drawers of deeds, contrary to the design of tire-parties, are as much a head of relief as fraud. And in Henkle, vs. the Royal Exchange Assurance Company, 1 Ves. 317, iie again says, “there is no doubt the court has jurisdiction to relieve in respect of a plain mistake." See also, 1 Ves. & Beams. 168. It is contended however, that it has no right to interfere with a verdict. I can find no authority for such an exception, and I can see no reason for it. The ground for relief in any case of mistake is that injustice will be done if the mistake be not rectified, and it is immaterial whether it has occurred in a verdict or in a deed. In the Countess of Gainsborough, vs. Gifford, 2 P. W. 425, the master of the rolls says “there are cases la which equity will relieve after verdict, in a matter where the defendant at law might have defended himself; as where after a plaintiff has recovered a debt at law, the defendant finds a receipt for the money in question: so* if the plaintiff’s own book appears to be crossed and the. money paid before the action.” lord Hardwicke declares the same thing in Williams, V. Lee, 3 Atk. 224. The reliefin those cases might indeed have been given on the ground of fraud, for it may be presumed that the plaintiff knew that he had been paid; but it cannot be doubted that relief would also be given on the ground of mistake; as where the verdict was obtained by an executor, who would not be obnoxious to the presumption of fraud. There would be the same reason for the interposition of equity in both cases, for the prevention of injustice, which is the governing principle, would apply to both. This appears to be a good ground for relief against a decree. In the case of the East India Company, vs. Boddman, 13 Ves. 42, application was made for a rehearing of a decree givp by the master of the rolls, which bad been affirmed afterwards by the chancellor. Lord Eldon refused the application, because the error imputed to the decree had been before brought fully before the court, and the judgment *104 ought on that account to be final. But he added, “this rulc? Rise all others, is open to an exception, which scarcely ought to be called an exception, as it does not clash with the princmle of the rule. I mean there is a manifest mistake.”
But it is further objected that the mistake here has been proved by parol evidence, and that this is not admissible to alter the verdict. The riile of evidence on this subject is certainly a wise one; a written instrument cannot be added to or varied in any way by parol evidence; but it would be subversive of justice if this rule were so inflexible as to exclude the only mode of proving, generally, a fraud or mistake in a written instrument. Such evidence however, has been received with great caution in cases of mistake. “This,” says lord Thurlow, in Irnham, vs. Child, (1 Bro. C. C. 93,) “ought to be proved as much to the satisfaction of the court as if it were admitted.” But he says in Shelburne, vs. Inchiquin, Id. 341, “it is impossible to refuse as incompetent, parol evidence which goes to prove that the words taken down in writing were contrary to the concurrent intention of all parties.” He adds, “to be sure it must be strong irrefragable evidence; but I do not think I can reject it as incompetent.” And chancellor Kent, who lias thoroughly examined the subject, in she case of Gillespie, vs. Moon, 2 John, C. C. 596, has thus expressed the result of his examination. „I have looked into most if not all the cases on this branch of equity jurisdiction, and it appears to me to be established, and on great and essential grounds of justice, that relief can be had on any deed founded in mistake or fraud. The mistake may be shewn by parol proof, and the relief granted to the injured party, whether he sets up the mistake affirmatively by bill or as a defence.”
But the admission of parol evidence by this court in the case of a mistake, is not considered as any deviation from the rule of law; it is not used to contradict or vary the sense of the written instrument, but to prove a distinct and collateral matter, which furnished an equity dehors the instrument; and this is the ground taken in all the cases. Lord Thurlow, in Shelburne, vs. Inchiquin, says “it must be an essential ingredient to any re- *105 *lrif under tiiis head, that it should be on an accident perfectly distinct from the sense of the instrument.” And in Irnham, vs. Child, he was of opinion that in rectifying a mistake, “the court would not overturn the rule of evidence by varying the deed; but that it would be an equity dehors the deed.” The present case is evidently one of that nature; it is not attempted to contradict or vary the sense of it in any Way; the 'ground of complaint is, that the jury have by mistake Omitted to provide for a part of plaintiff’s demand which they could not intend to exclude, as it was a legal right, not disputed by the defendant. This is a distinct fact, perfectly consistent with the verdict^ which has not been denied by the answer, although it has not been admitted; and has besides '(in the emphatic language of lord Thin-low) been proved “as much to the satisfaction Of the cou?t as if it weré admitted.”
Evans, for the appellant,
contended that the jury had been guilty of an error, in giving the plaintiff at law less damages than he was entitled to; but that this did not come within the idea of a mistake such as is relievable in equity: that the proceedings in courts of law aré matters within their own control, arid that it does pertain to the jurisdiction of this court to correct their errors: that it would be dangerous to admit the testi-ftiony of jurors to shew what they intended by their verdict, as they may have differed in their views; and that in fact; it is Undertaking to render a verdict for them, such as the court thinks they ought to have'given, when it is very possible that their intention may have been different. Cited 1 Madd, 41/ 1 Bridg. Dig. 375; 2 Bern. 3.-
*105 The last ground insisted on for the defendant, is that the complainant had a complete remedy at law. I think it very probable that he might have had a new trial on the evidence of Mr. Evans; hut this is by no means certain, and as the subject is more properly cognizable by this court, and the remedy here more certain than at law, I feel bound to entertain the bill and give the relief prayed for. It is therefore ordered and decreed, that the commissioner do take an account of the interest due on the promissory note on which the complainant recovered the principal by verdict at law, and that the defendant do pay the amount of the said interest to the complainant.
From this decree the defendant appealed on the grounds, that the court could not correct such mistake in a verdict; and that if it has power to do so, parol evidence was inadmissible to shew what the jury intended.
Miller, contra,
relied o» the authorities quotedm the circuit decree, and contended that the case evidently came within the general principles on which the court grants relief: that there was a palpable mistake, an accidental omission contrary to the intention of the jury: that this was clear from the circumstances of the case, as well as from the testimony of the juror, which was neither doubted nor contradicted.
Chancellor Waties.
On a full examination of this case, we are of opinion that the decree of the circuit court should be affirmed. In further support of the authority relied on, may he the case of Groemes, vs. S<ritho,. 2 Dickens, 469, in which relief was given on a mistake in a verdict;-and it also appears that the mistake here was not discovered until it was too late for the complainant by the rules of the constitutional court, to apply for a new trial.
It is further ordered and. adjudged, that the decree of the circuit court be affirmed.
Chancellors, Desaussure and James, concurred.